MERRITT, Circuit Judge,
concurring.
While insisting that in re-sentencing for substantial assistance a court need not reconsider all of the § 3553(a) factors that need to be considered at the original sentencing, our Court’s opinion in the instant case states that the sentencing judge may consider a wide variety of sentences, including “consistency with the statutory sentencing factors, in order to make sure that the reduced sentence is not unjust.” The Court goes on to say that the district judge might wish to consider the “context” that determined the initial sentence in valuing the assistance, as well as taking into account “a consideration of a defendant’s capacity for abiding by the law.” The Court makes it clear that the sentencing court may weigh “these sorts of contextual considerations after initially being considered by a district court in determining the value of cooperation and the extent of any reduction under § 3553(e) and § 5K1.1.”
I concur in the court’s disposition of this case because it gives the district court wide discretion to go above or below the government’s recommendation in substantial assistance cases. I believe this wide discretion gives the district court room in its reconsideration of the sentence to do justice in the case and avoid a sentencing process in which the prosecutor rather than a neutral magistrate controls the sentence.